IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: ) 1:08-CV-0588 |
| BRAND NEW ENERGY, INC. and DARREN HOUSEHOLDER, | ) ) ) ) |
| Defendants. | ) |

### ORDER OF PRELIMINARY INJUNCTIVE RELIEF AS TO DEFENDANTS BRAND NEW ENERGY, INC. AND DARREN HOUSEHOLDER

WHEREAS, the Plaintiff, Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") filed the above-styled civil action against the Defendants alleging various claims for damages and injunctive relief related to trademark infringement, false designation of origin, false or misleading description of fact, false or misleading representation of fact, unfair competition, false advertising, and dilution under 15 U.S.C. § 1114 and § 1125 and for violations of the laws of the State of Georgia, specifically trademark infringement, dilution, deceptive trade practices, false advertising and unfair competition under O.C.G.A. § 10-1-370, *et seq.* and O.C.G.A. § 10-1-420, *et seq.*, and violations of the Georgia common law with respect to tortious interference with business

1

relations, and conversion; and finally, violations of Georgia's Racketeering Influenced and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-4-1, *et seq.*, through the violation of the alleged predicate acts, including (a) engaging in conduct defined as "racketeering activity" under 18 U.S.C. § 1961 (1)(A)(B) including: (i) mail fraud in violation of 18 U.S.C. § 1341; (ii) wire fraud in violation of 18 U.S.C. § 1343; and (iii) interstate transportation and sale of stolen property in violation of 18 U.S.C. §§ 2314-2315; and (b) conspiracy to commit all of the above offenses of state and federal law; and

WHEREAS, this Court granted a Temporary Restraining Order against the Defendants, Brand New Energy, Inc. ("Brand New Energy"), and Darren Householder ("Householder"), and any of their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, on February 28, 2008; and

WHEREAS, in its Complaint and First Amended Complaint, Hi-Tech requested Preliminary and Permanent Injunctive Relief against the Defendants; and

WHEREAS, by the Order of February 28, 2008, this Court Ordered the Defendants, Brand New Energy and Householder, to Show Cause "why

an order should not be entered granting Hi-Tech a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 against the Defendants"; and

WHEREAS, on March 6, 2008, this Court held a hearing in relation to said Order to Show Cause at which Counsel for Hi-Tech appeared but Defendants, Brand New Energy and Householder, failed to appear; and

WHEREAS, despite this Court's Temporary Restraining Order entered on February 28, 2008 and further Order to Show Cause, Defendants, Brand New Energy and Householder, have not presented this Court with sufficient information for this Court to deny the entry of Hi-Tech's Request for Preliminary Injunction;

NOW, THEREFORE, THE COURT FINDS THAT:

1. This Court has jurisdiction over the subject matter herein and over Defendants, Brand New Energy and Householder;

2. Hi-Tech is likely to succeed in showing that Defendants, Brand New Energy and Householder, have infringed upon Hi-Tech's intellectual property rights in the LIPODRENE® trademark and trade dresses by virtue of having sold, offered for sale, distributed, or otherwise disposing of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids without Hi-Tech's authorization or permission and that such use is

likely to cause confusion among consumers in the marketplace as to the source of such dietary supplement products in violation of 15 U.S.C. § 1114;

3. Hi-Tech is likely to succeed in showing that the Defendants, Brand New Energy and Householder, have falsely and misleadingly advertised and represented that they are associated or connected with, or otherwise sponsored, approved or authorized by Hi-Tech to promote and distribute Hi-Tech's dietary supplement products with ephedrine alkaloids, including LIPODRENE® and that such conduct has caused products to enter into commerce through false advertising, in violation of 15 U.S.C. § 1125(a) and further constitutes violations of 15 U.S.C. § 1125(a), including trademark infringement, false designation of origin, false or misleading description of fact, false or misleading representation of fact, and unfair competition

4. Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brand New Energy and Householder, is made and maintained with the deliberate and willful intent to trade off Hi-Tech's goodwill and reputation built in Hi-Tech's Trademarks and Trade Dresses and to cause dilution of Hi-Tech's famous Trademarks and Trade Dresses, including LIPODRENE®, in violation of 15 U.S.C. § 1125(c);

5. Hi-Tech is likely to succeed in showing that the Defendants, Brand New Energy and Householder, directly or indirectly, have created, acquired and/or maintained, an interest or control in one or more enterprises and an interest in property and money through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4(a);

6. Hi-Tech is likely to succeed in showing that the Defendants, Brand New Energy and Householder, directly or indirectly, have been employed by, associated with, conducted or participated in the affairs of one or more enterprises including the named Defendants and the aforementioned entities, which affect interstate commerce through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4(b);

7. Hi-Tech is likely to succeed in showing that the Defendants, Brand New Energy and Householder, have conspired to violate the provisions of O.C.G.A. §§ 16-14-4(a) and 16-14-4(b) and in violation of O.C.G.A. §§ 16-14-4(c);

8. Hi-Tech is likely to succeed in showing that the Defendants, Brand New Energy and Householder, have engaged in and conspired to engage in a pattern of interrelated criminal activities which constitute predicate criminal actions under O.C.G.A. § 16-4-1 *et seq.*, and which include, but are not limited to:

  (a) engaging in conduct defined as "racketeering activity" under 18 U.S.C. § 1961 (1)(A)(B) including:

    (i) mail fraud in violation of 18 U.S.C. § 1341;

    (ii) wire fraud in violation of 18 U.S.C. § 1343; and

    (iii) interstate transportation and sale of stolen property in violation of 18 U.S.C. §§ 2314-2315; and

  (b) conspiracy to commit all of the above offenses of state and federal law;

  9. Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brand New Energy and Householder, constitutes trademark infringement, unfair competition, trademark dilution, false advertising, and deceptive trade practices in violations of the laws of the State of Georgia, including O.C.G.A. §§ 10-1-451, *et seq.* and 10-1-370, *et seq.*, and the common law;

  10. Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brand New Energy and Householder, constitutes the intentional interference with Hi-Tech's business relationships with its customers, distributors and retailers;

  11. Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brand New Energy and Householder, constitutes a wrongful

acquisition and conversion of Hi-Tech's property, namely, Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, which were previously securely stored at Hi-Tech's business location, warehouse and storage facilities;

12. The Defendants, Brand New Energy and Householder, continued sale, offering for sale, distribution and/or disposal of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids will result in the immediate and irreparable injury to Hi-Tech and its business reputation if not restrained by this Court;

13. Defendants, Brand New Energy and Householder, or other persons acting in concert with them, may destroy, hide, distribute, sell or otherwise make the products at issue, namely, Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, inaccessible in violation of the current FDA Final Rule declaring dietary supplement products containing ephedrine alkaloids;

14. The harm to Hi-Tech of denying the requested preliminary injunctive relief outweighs the harm to the legitimate interests of the Defendants, Brand New Energy and Householder, from granting such an order; and

15. The granting of Hi-Tech's Motion for the requested preliminary injunctive relief serves the public's interest due to the FDA Final Rule prohibiting the marketing, sale and distribution of dietary supplements containing ephedrine alkaloids;

WHEREFORE, THE COURT ADJUDGES AND ORDERS THAT:

1. Plaintiff, Hi-Tech's Motion for Preliminary Injunction is hereby GRANTED as to the Defendants, Brand New Energy and Householder.

2. Defendants, Brand New Energy and Householder, and any of their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them are hereby prohibited from, directly or indirectly:

> (a) Selling, offering for sale, distributing, or otherwise disposing of any of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, including those which were removed without authorization or permission from Hi-Tech's business location, warehouse and storage facilities;
>
> (b) Marketing, promoting, or advertising any of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, including those which were removed

without authorization or permission from Hi-Tech's business location, warehouse and storage facilities;

(c) Using "LIPODRENE" or any other word or words which are similar to or are a colorable imitation of Hi-Tech's registered trademark LIPODRENE®, either alone or as a part of or together with any other suffix, prefix, word or words, trademark, service mark, trade name, domain name, or other business or commercial designation, or any logo, symbol, or design in connection with the registration, use, sale, offering for sale, advertising or promotion of any dietary supplements, as well as in connection with, any materials related to such dietary supplements including but not limited to, promotional or advertising materials, computer network domain name or computer network website, corporation, partnership, limited liability company, limited liability partnership, or other business entity name; or products related thereto or sold thereto;

(d) Using Hi-Tech's Trade Dresses, or any other trade dresses confusingly similar to Hi-Tech's Trade Dresses, in connection with the advertising, promotion, marketing, offering for sale or sale of any dietary supplement;

9

(e) Using Hi-Tech's advertising and/or promotional materials, or any other advertising or promotional materials confusingly similar to Hi-Tech's advertising and promotional materials, in connection with the advertising, promotion, marketing, offering for sale or sale of any dietary supplements;

(h) Representing by words or conduct that any dietary supplements which are promoted, offered for sale, licensed or sold by Defendants, Brown and Visnicker, working individually and/or as part of a conspiracy, are authorized, sponsored, endorsed by or otherwise connected with Hi-Tech;

(g) Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to a false designation of origin, false description or false representation and/or false advertising whereby perspective purchasers, or users of a computer network, may be confused, mistaken or deceived into the belief that such dietary supplement products emanate from Hi-Tech or from a company, entity or person that is sponsored, authorized or endorsed by Hi-Tech.

3. Defendants, Brand New Energy and Householder, are hereby required to return immediately to Hi-Tech all of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids that are in their possession, custody or control.

4. Defendants, Brand New Energy and Householder, are hereby required to remove or have removed from any third party websites or from any other advertising or sales media any and all false advertisements or offers for sale of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids.

5. Defendants, Brand New Energy and Householder, are hereby required to remove or have removed from any third party websites or from any other advertising or sales media any and all false advertisements or offers for sale of dietary supplement products containing and/or bearing Hi-Tech's LIPODRENE® Trademarks and Trade Dresses.

6. Defendants, Brand New Energy and Householder, are hereby required to cancel all orders for the purchase of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids.

7. Defendants, Brand New Energy and Householder, are hereby required to cancel all orders for the purchase from any of them of dietary supplement products bearing Hi-Tech's LIPODRENE® Trademarks and

Trade Dresses or any products bearing infringing trademarks, in whole or in part.

8. Defendants, Brand New Energy and Householder, are hereby required to retain all records and information associated with the purchase, receipt, sale, production, promotion or other disposition of any of the above-referenced products.

9. Defendants, Brand New Energy and Householder, are hereby required to file with the Court and serve upon counsel for Hi-Tech within thirty (30) days of this Order, a report in writing and under oath setting forth in detail the manner in which they have complied with this injunction.

10. Hi-Tech shall retain its rights to seek additional relief as sought by the Complaint and First Amended Complaint, as well as, the following rights with respect to the failure of the Defendants, Brand New Energy and Householder, to fully comply with this Order, including, but not limited to:

   (a) The right to utilize the discovery tools in the Federal Rules of Civil Procedure to continue Hi-Tech's investigation into in the events and allegations contained in the Complaint and First Amended Complaint;

   (b) The right to seek contempt powers of the Court;

(c)   The right to invoke the procedures and/or assistance of law enforcement agencies; and

(d)   The right to seek modification or amendment from the Court of the terms of this Order.

IT IS SO ORDERED AND ADJUDGED THIS THE 10th DAY OF MARCH, 2008.

RICHARD W. STORY
United States District Judge